Juan Nevares Santiago, Petitioner and Appellant, v. Insular Racing Commission, Respondent and Appellee.

No. 7090. Argued March 9, 1937.—Decided March 14, 1938.

806

*Gilberto Concepción de Gracia, Luis Venegas Cortés,* and *Carlos D. Santana* for appellant. *B. Fernández García, T. Torres Pérez,* and *Diego O. Marrero* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

This appeal proceeds from the refusal of the District Court of San Juan to issue a writ of mandamus. As substantially found by the judge of that court, on the 20th of February, 1934, Juan Nevares Santiago was named by the Insular Racing Commission to act as a juror in the hippodrome Las Monjas for a period of time extending from the 20th of February to the 30th of June, 1934, with the corresponding salary. Ordinarily, appointees were named for six months.

On the 9th of July, 1934, the Commission adopted an agreement whereby all the employees of the race-track Las Monjas and Quintana, from the 1st of July to the 30th of December, 1934, should, in a temporary character, continue to act as such. On the 15th of October, 1934, the Commission made an order reorganizing the jury so as to have a single one for both race-tracks and decided that the petitioner should cease to continue in his employ, the order to take effect from the 16th of October of that year.

The petitioner alleged that he was appointed for the period to expire on December 30, 1934, and that the order of October 15th, 1934, discharging him was null and void. The

theory of the petitioner was that the said juror was removed without charges, or a notice and hearing, in violation of Section 6, paragraph 4 of the Racing Act of 1932 that says as follows; (Laws p. 194):

"The Insular Racing Commission may remove any official or employee serving in any capacity at a race track, for inefficiency, negligence in the performance of his duties, or misconduct in the discharge of his office, giving him a copy of the charges against him and an opportunity to be heard in his own defense, either personally or through a lawyer, within the ten (10) days following the date of the notification of the charges."

Also petitioner alleges that his nomination was permanent; that the position was created with solely a right of removal on charges, and that the Commission had no power to consolidate the jurymen nor to abolish them nor to limit the period of their services, except as expressed.

The court held in effect that as the designation was of a temporary, and not of a permanent character, the cited section had no application and by analogy cited the case of *Matos* v. *Veve*, 46 P.R.R. 344.

The court further says:

"The law provides that the Commission 'shall appoint for each race track in operation three judges, who shall form the jury' and shall also fix their duties and compensation. The judges are not paid by the corporations which operate the race tracks, so that it be necessary to name a set of judges for each race track, but are paid from the funds of the Commission, and the fact that the same judges be named to conduct the races which may be held in the tracks of Las Monjas and Quintana, does not imply a fusion of the offices of the judges of both race tracks, nor does it imply the abolition of these offices so as to create new ones. The case of *Romero* v. *Gore, Governor*, 46 P.R.R. 394 is not applicable because its facts were different inasmuch as that case involved an office created in the budget of the Public Service Commission and occupied by an engineer, employed under the classified Civil Service, and the Governor suppressed it, thus abolishing it, in order that the service be carried out by an engineer of the Department of the Interior; and in that case it was held that the power of the Governor to transfer

or assign a bureau or office of the Insular Government to any department of the same, when the Senate is in recess, did not include the power to abolish or suppress that agency from the administration, and, therefore, that the Governor, in so doing and in removing the official from the service, had acted arbitrarily and against the law.''

The appellee also moves to dismiss as the case has become academic, inasmuch as the period of appointment has expired. This contention may be overruled on the basis that appellant would still have some right to his salary.

We agree with the appellees that no particular charges were necessary; that the designation was not of a permanent character; that as no term was fixed the Commission had a right to fix one. Where a term is not defined, the appointing power may fix one.

There was a time in Puerto Rico when the term was fixed and the omission in the latter acts tends to show the freedom given to the Commission.

We shall briefly discuss the errors assigned.

The court did not hold, as maintained by appellant, that the petitioner, in order that the court might intervene in his favor, had to show that his discharge was for political or religious causes. This disposes of the first assignment.

Admittedly there was no law giving the Commission a right to fix terms for offices, but as there was no inhibition we hold that this power was inherent in the said Commission. If it fixed a six-months period it had that power and also the right to vary it. When the Commission ordered that petitioner should serve temporarily, it was a temporary appointment.

The original appointment for six months came to an end. Petitioner was not a ''holdover,'' even supposing a six-months appointment had a permanent character.

The appointment for six months, we hold, in itself created no special right preventing the removal of the petitioner. The general rule is that, in absence of a law or disposition

to the contrary, the power of appointment includes the power of removal.

There was no disposition to the contrary. The nature of the horse races demands that the Commission should have more than usual control. This, in essence, considers all the other assignments that we deem advisable to discuss.

The judgment should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.